# Exhibit 3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CLIVEN BUNDY,<br><br>    Defendant. | Case No. 2:12-cv-0804-LDG-GWF |

This matter comes before the court on the plaintiff United States' Motion for Summary Judgment (#18, Opposition #28, Reply #30) and defendant Cliven Bundy's Motion to Dismiss (#28, Opposition #30).

I. BACKGROUND

The United States filed a complaint on May 14, 2012, for injunctive relief to prevent Bundy's alleged unauthorized and unlawful grazing of livestock on property owned by the United States and administered by the Secretary of the Interior, Bureau of Land Management and National Park Service, and for trespass damages.

In an order dated November 3, 1998, this court permanently enjoined Bundy from grazing his livestock within a different area, the Bunkerville Allotment, and ordered Bundy to remove his livestock from the Allotment before November 30, 1998. *U.S. v. Bundy*, No. CV-S-98-531-JBR (RJJ) (D. Nev. Nov. 4, 1998). The court also ordered that the United States was

1  entitled to trespass damages from Bundy for livestock left on the Bunkerville Allotment after
2  such date.
3       In its complaint, the United States alleges that, not only has Bundy failed to comply with
4  the court's orders that he remove his cattle from the Bunkerville Allotment and pay the financial
5  penalties, but that Bundy's cattle have moved beyond the boundaries of the Bunkerville
6  Allotment and are now trespassing on a broad swath of additional federal land (the "New
7  Trespass Lands"), including public lands within the Gold Butte area that are administered by
8  the BLM, and National Park System land within the Overton Arm and Gold Butte areas of the
9  Lake Mead National Recreation Area. The United States seeks an order enjoining Bundy's
10 unauthorized grazing on the New Trespass Lands.

11 II. SUMMARY JUDGMENT
12      Summary judgment may be granted when, viewed in the light most favorable to the
13 non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);
14 *Intel Corp. v. Hartford Acc. And Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991), "the
15 pleadings, depositions, answers to interrogatories, and admissions on file, together with the
16 affidavits, if any, show that there is not genuine issue as to any material facts and that the
17 moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v*
18 *Catrett*, 477 U.S. 317, 323 (1986). Summary judgment should be entered "against a party
19 who fails to make a showing sufficient to establish the existence of an element to that party's
20 case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.
21 Summary judgment should not be granted if a reasonable jury could return a verdict for the
22 non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
23      The moving party bears the initial burden of showing the absence of a genuine issue
24 of material fact. *Celotex*, 477 U.S. at 323. The burden then shifts to the non-moving party to
25 set forth specific facts demonstrating a genuine factual issue for trial. *Matsushita*, 475 U.S. at
26

1  588-87; Fed. R. Civ. P. 56(e).  The non-moving party may not rest upon the mere allegations
2  or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or
3  other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for
4  trial.  *Anderson*, 477 U.S. at 256; Fed. R. Civ. P. 56(e).  The evidence of the non-moving party
5  is to be believed, and all justifiable inferences are to be drawn in the non-moving party's
6  favor. *Anderson*, 477 U.S. at 255; Fed. R. Civ. P. 56(e).

7  Bundy principally opposes the United States' motion for summary judgment on the
8  ground that this court lacks jurisdiction because the United States does not own the public
9  lands in question.  As this court previously ruled in *United States v. Bundy*, Case No. CV-S-
10 98-531-JBR (RJJ) (D. Nev. Nov. 4, 1998), "the public lands in Nevada are the property of the
11 United States because the United States has held title to those public lands since 1848, when
12 Mexico ceded the land to the United States." CV-S-98-531 at 8 (citing *United States v. Gardner*,
13 107 F.3d 1314, 1318 (9th Cir. 1997)).  Moreover, Bundy is incorrect in claiming that the
14 Disclaimer Clause of the Nevada Constitution carries no legal force, *see Gardner*, 107 F.3d at
15 1320; that the Property Clause of the United States Constitution applies only to federal lands
16 outside the borders of states, *see id.* at 1320; that the United States' exercise of ownership
17 over federal lands violates the Equal Footing Doctrine, *see id.* at 1319; that the United States
18 is basing its authority to sanction Bundy for his unauthorized use of federal lands on the
19 Endangered Species Act as opposed to trespass, *see* Compl. at ¶¶ 1,3, 26-39; and that
20 Nevada's "Open Range" statute excuses Bundy's trespass. *See e.g., Gardner*, 107 F.3d at 1320
21 (under Supremacy Clause state statute in conflict with federal law requiring permit to graze
22 would be trumped).

23 Nor is there a legitimate dispute that Bundy has grazed his cattle on the New
24 Trespass Lands without federal authorization.  The United States has submitted Bundy's
25 deposition excerpts indicating that Bundy has grazed livestock on the New Trespass Lands
26

3

and further evidence of the trespass of Bundy's cattle in those areas. Notwithstanding Bundy's contentions that the observed cattle bearing his brand may not in fact be his own, such a denial does not controvert Nevada law regarding prima facie evidence of ownership of branded cattle. In sum, in this most recent effort to oppose the United States' legal process, Bundy has produced no valid law or specific facts raising a genuine issue of fact regarding federal ownership or management of public lands in Nevada, or that his cattle have not trespassed on the New Trespass Lands.

III. INJUNCTIVE RELIEF

The United States has established irreparable harm not only through the continuing nature of Bundy's trespass, *City of Walla Walla v. Walla Walla Water Co.*, 172 U.S. 1, 12 (1898); *Newfound Mgmt. Corp. v. Lewis*, 131 F.3d 108, 115 (3rd Cir. 1997), but because Bundy's cattle have caused and continue to cause damage to natural and cultural resources and pose a threat to public safety. The United States has also demonstrated that the equities and the public interest strongly favor an injunction. The public interest is best served by having the federal lands managed without the presence of trespassing cattle on lands that are closed to grazing. The public interest is also best served by removal of trespassing cattle that cause harm to natural and cultural resources or pose a threat to the health and safety of members of the public who use the federal lands for recreation. The court finds that the public interest is negatively affected by Bundy's continuing trespass.

Moreover, the United States is entitled to injunctive relief as a matter of law once trespass on federal lands is proven. *See United States v. Noguiera*, 403 F.2d 816, 825 (9th Cir. 1968). The same result followed in *Gardner* where this court held that the United States was entitled to injunctive relief to prevent a continuing trespass. 107 F.3d at 1403. Finally, the public interest is served by the enforcement of Congress' mandate for management of the public rangelands, and by having federal laws and regulations applied to all citizens equally.

4

IV. CONCLUSION

IT IS HEREBY ORDERED that the United States' Motion for Summary Judgment (#18) is GRANTED.

IT IS FURTHER ORDERED that defendant Cliven Bundy's Motion to Dismiss (#28) is DENIED as moot.

IT IS FURTHER ORDERED that Bundy is permanently enjoined from trespassing on the New Trespass Lands.

IT IS FURTHER ORDERED that the United States is entitled to protect the New Trespass Lands against this trespass, and all future trespasses by Bundy.

IT IS FURTHER ORDERED that Bundy shall remove his livestock from the New Trespass Lands within 45 days of the date hereof, and that the United States is entitled to seize and remove to impound any of Bundy's cattle that remain in trespass after 45 days of the date hereof.

IT IS FURTHER ORDERED that the United States is entitled to seize and remove to impound any of Bundy's cattle for any future trespasses, provided the United States has provided notice to Bundy under the governing regulations of the United States Department of the Interior.

DATED this 9TH day of July, 2013.

_____
Lloyd D. George
United States District Judge

5