MERRICK GARLAND
United States Attorney General

NEIL SINGH
Arizona State Bar No. 021327
BROCK HEATHCOTE
Arizona State Bar No. 014466
Special Assistant U.S. Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona  85004-4449
Telephone: (602) 514-7500
Facsimile:  (602) 514-7693
Neil.Singh@usdoj.gov
Brock.Heathcotte@usdoj.gov
*Attorneys for Defendant United States*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Todd C. Engel,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>United States of America, *et al.*,<br><br>　　　　　　　Defendants. | No. 2:22-cv-01040-WQH-EJY<br><br>**ANSWER** |

Defendant United States of America submits the following Answer to Plaintiff's Complaint (Doc. 1) responding in like numbered paragraphs to the numbered paragraphs in the Complaint. Any allegation in the Complaint not expressly admitted herein is denied.

This Court's order dated November 20, 2023 (Doc. 42) dismissed some of Plaintiff's claims which renders many of the allegations in the Complaint moot.

1. Deny.

2. Defendant admits only that venue of the action would be appropriate if Plaintiff can establish jurisdiction exists for the claims asserted.

3. Defendant admits that Plaintiff Engel was incarcerated in Pahrump, Nevada

1  and Lompoc, California.  Defendant denies any and all remaining substantive factual and
2  legal allegations in paragraph 3.

3        4.     Defendant admits, upon information and belief, that all employees listed in
4  this paragraph were acting within their capacities as employees of Defendant when
5  investigating and prosecuting Plaintiff.  Defendant admits that it is the federal government
6  and admits its agencies include those listed in this paragraph.  Defendant denies all other
7  allegations in this paragraph and its subparts.

8        5.     Defendant admits only that Plaintiff's Complaint refers to these individuals
9  as "Government employees." Defendant denies all other allegations in this paragraph.

10        6.     Deny.  This Court's order dated November 20, 2023 (Doc. 42) dismissed
11  Plaintiff's claims against the "Doe and Roe Defendants."

12        7.     This paragraph contains no allegations.

13        8.     Defendant has insufficient information to properly respond to the factual
14  assertions in this paragraph, and therefore denies.

15        9.     Defendant has insufficient information to properly respond to the factual
16  assertions in this paragraph, and therefore denies.

17        10.    Defendant has insufficient information to properly respond to the factual
18  assertions in this paragraph, and therefore denies.

19        11.    Defendant denies that the Bundy family's cattle were lawfully grazing on
20  federal lands during the time periods relevant to this litigation.  As to the remaining
21  allegations, Defendant has insufficient information to properly respond to the factual
22  assertions in this paragraph, and therefore denies

23        12.    Deny.
24        13.    Deny.
25        14.    Deny.
26        15.    Deny.
27        16.    Deny.
28        17.    Deny.

18. Admit that the Cattle Impoundment Operation was unsuccessful, and affirmatively assert that this was due to the criminal acts perpetrated by multiple individuals including Plaintiff. Deny all remaining allegations.

19. Admit that Plaintiff was looking at "social media" but deny that he was engaged in "information-gathering" and deny all remaining allegations of this paragraph.

20. Admit that Plaintiff made the decision to travel to Nevada on April 10, 2014. Deny all remaining allegations as Defendant lacks sufficient information to admit or deny them.

21. Admit that Plaintiff arrived in Bunkerville, Nevada on April 12, 2014. Deny that "the State of Nevada… intervened and directed the BLM to stand-down" and deny all remaining allegations of this paragraph.

22. Admit that federal law enforcement officers had weapons in the area, due to the criminal acts of Plaintiff and other persons of threatening and extorting government employees from carrying out lawful court orders. Deny all remaining allegations in this paragraph.

23. Deny.

24. Admit that Plaintiff was in custody for several months. Specifically deny that Plaintiff was "helpful" in de-escalating the conflict, deny that the Ninth Circuit determined that Plaintiff was "wrongfully convicted" except to the extent that his conviction was vacated and remanded for retrial due to procedural error, and deny all remaining allegations of this paragraph. Defendant lacks sufficient information on whether Plaintiff has been designated a domestic terrorist for purposes of commercial airline travel and therefore denies this allegation.

25. Deny.

26. This paragraph contains no allegations.

27. Deny.

28. Deny.

29. Deny.

1  30. Deny.
2  31. Defendant admits only that witnesses were interviewed and reports
3  concerning events were created. Defendant denies all other allegations in this paragraph.
4  32. Deny.
5  33. Deny.
6  34. Defendant admits only that it hired contractors to perform work during the
7  impoundment operation. Defendant denies all other allegations in this paragraph.
8  35. Deny.
9  36. Deny.
10 37. Deny.
11 38. Deny.
12 39. Deny.
13 40. Deny.
14 41. Deny.
15 42. Deny.
16 43. Deny.
17 44. Deny.
18 45. Deny.
19 46. Deny.
20 47. Deny. Defendant specifically denies that any Nevada officials ordered its
21 employees to "wind-down" the legal impoundment operation, or to release the Bundy
22 family's cows.
23 48. Deny.
24 49. Deny.
25 50. Deny.
26 51. Deny.
27 52. Deny.
28 53. Deny.

1      54.    Deny.
2      55.    Deny.
3      56.    Deny.  Defendant can neither admit nor deny the accuracy of the alleged quotation from Grand Jury proceedings, as such proceedings are sealed.
5      57.    Deny.
6      58.    Deny.
7      59.    Deny.
8      60.    Deny.
9      61.    Deny.
10    62.    Deny, and specifically deny that Plaintiff traveled to Nevada to protest in a manner consistent with the First Amendment free speech clause or religious freedom clause.
13    63.    Deny.
14    64.    Deny.  Defendant can neither admit nor deny the accuracy of the alleged quotation from Grand Jury proceedings, as such proceedings are sealed.
16    65.    Deny.
17    66.    Deny.
18    67.    Deny.
19    68.    Deny.
20    69.    Deny.
21    70.    Deny.
22    71.    Deny.
23    72.    Deny.
24    73.    Deny.
25    74.    Deny.
26    75.    Deny.
27    76.    Deny.
28    77.    Deny.

1     78. Deny.
2     79. Deny.
3     80. Deny.
4     81. Deny.
5     82. Deny.
6     83. Deny.
7     84. Deny.
8     85. Deny.
9     86. Deny.

10     87. Admit that Mr. Wooten addressed some of his perceived disagreements regarding the prosecution with the prosecution team. Deny any characterization intended by Plaintiff of these disagreements and specifically deny that Mr. Wooten's personal opinions held merit.

14     88. Deny.
15     89. Deny.
16     90. Deny.
17     91. Deny.

18     92. Defendant admits only that BLM employee Wooten submitted a memorandum making general allegations against the agency and federal employees. The document is readily available to all parties and says what it says. Defendant denies all other allegations in this paragraph.

22     93. Defendant admits only that BLM employee Wooten submitted a memorandum making general allegations against the agency and federal employees. The document is readily available to all parties and says what it says. Defendant denies all other allegations in this paragraph and its subparts.

26     94. Defendant admits only that some defense lawyers asserted *Brady* arguments in the Tier 1 litigation. Any remaining allegations are denied.

28     95. Specifically deny that *Brady* violations occurred in the prosecution of

Plaintiff. Admit that Judge Navarro conducted a hearing. Deny any remaining allegations.

96. Defendant admits only that Judge Navarro presided over a hearing concerning potential *Brady* violations. Defendant denies all other allegations in this paragraph and specifically denies that any *Brady* violations in this action negated probable cause to arrest and indict Plaintiff

97. Defendant admits only that the prosecution moved to dismiss the indictment of the Tier 2 Plaintiffs on February 7, 2018. Defendant denies all other allegations in this paragraph.

98. Defendant admits that Plaintiff appealed his conviction and the conviction was vacated and remanded for a new trial, due to Sixth Amendment issues. Any remaining allegations are denied.

99. Deny.

100. Deny.

101. This paragraph contains no allegations.

102. Deny.

103. This paragraph contains no allegations.

104. Deny.

105. Deny.

106. Deny.

107. This paragraph contains no allegations.

108. This paragraph contains legal argument with citations to statutes and cases. Defendant reserves the right to dispute Plaintiff's interpretation of the applicability of those statutes and cases to the facts of this case once discovery has taken place. To the extent Defendant is required to take a position now, Defendant has insufficient information to admit or deny and therefore denies.

109. This paragraph contains legal argument with citations to statutes and cases. Defendant reserves the right to dispute Plaintiff's interpretation of the applicability of those statutes and cases to the facts of this case once discovery has taken place. To the extent

Defendant is required to take a position now, Defendant has insufficient information to admit or deny and therefore denies.

110. This paragraph contains legal argument with citations to statutes and cases. Defendant reserves the right to dispute Plaintiff's interpretation of the applicability of those statutes and cases to the facts of this case once discovery has taken place.  To the extent Defendant is required to take a position now, Defendant has insufficient information to admit or deny and therefore denies.

111. Deny.

112. Deny.

113. This paragraph contains legal argument with citations to statutes and cases. Defendant reserves the right to dispute Plaintiff's interpretation of the applicability of those statutes and cases to the facts of this case once discovery has taken place.  To the extent Defendant is required to take a position now, Defendant has insufficient information to admit or deny and therefore denies.

114. This paragraph contains legal argument with citations to statutes and cases. Defendant reserves the right to dispute Plaintiff's interpretation of the applicability of those statutes and cases to the facts of this case once discovery has taken place.  To the extent Defendant is required to take a position now, Defendant has insufficient information to admit or deny and therefore denies.

115. This paragraph contains legal argument with citations to statutes and cases. Defendant reserves the right to dispute Plaintiff's interpretation of the applicability of those statutes and cases to the facts of this case once discovery has taken place.  To the extent Defendant is required to take a position now, Defendant has insufficient information to admit or deny and therefore denies.  In addition, Defendant neither confirms nor denies any factual allegations involving confidential informants and affirmatively asserts the Government's legal authority to maintain such facts as confidential

116. Deny.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.

2. Plaintiff failed to bring his action within the applicable statute of limitations for filing suit and/or for serving a claim pursuant to the FTCA.

3. Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of the amount set forth in any administrative claim he may have presented to the United States or its agencies.

4. Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States.

5. Pursuant to 28 U.S.C. § 2674, Plaintiff cannot recover any amount for pre-judgment interest from the United States.

6. Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief may be granted.

7. Plaintiff's Complaint fails the requirements of Rule 8 of the Federal Rules of Civil Procedure and merely contains labels and conclusions and threadbare recitals of the elements of causes of action.  See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

8. Defendant United States did not breach any duty it owed to Plaintiff.

9. Plaintiff was contributorily negligent.

10. Defendant acted reasonably and appropriately under the totality of the circumstances.

11. Defendant possessed reasonable suspicion and/or probable cause to believe that Plaintiff committed a crime.

12. Plaintiff may have failed to mitigate his damages.

13. Defendant hereby reserves the right to plead all other affirmative defenses or any other applicable state and federal statute which through discovery it learns may be applicable.

**WHEREFORE**, having fully answered the Complaint, Defendant prays that Plaintiff take nothing by way of their Complaint, that the same is dismissed, and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

Respectfully submitted on December 18, 2023.

        MERRICK GARLAND
        United States Attorney General


        *s/ Neil Singh*
        NEIL SINGH
        BROCK HEATHCOTTE
        Special Assistant United States Attorneys, Acting Under Authority Conferred by 28 U.S.C. § 515
        *Attorneys for Defendant United States*

# CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

Craig A. Marquiz
Marquiz Law Office, P.C.
3088 Via Flaminia Court
Henderson, NV 89052
(702) 263-5533
Fax: (702) 263-5532
Email: marquizlaw@cox.net


*s/ Allison Tambs*
United States Attorney's Office