Marquiz Law Office
Professional Corporation

3088 Via Flaminia Court
Henderson, NV 89052
Phone: (702) 263-5533
Fax: (702) 263-5532
Craig A. Marquiz, Esq.
NV Bar #7437
MarquizLaw@cox.net

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH O'SHAUGHNESSY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.:   2:22-cv-01039-WQH-EJY |
| TODD C. ENGEL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.:   2:22-cv-01040-WQH-EJY<br><br>**JOINT DISCOVERY PLAN & SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to LR II 16-1, 26-1 (b), 26-3, and FRCP 16.1 and 26, Plaintiffs Joseph O'Shaughnessy, Jason D. Woods, Mel Bundy and Dave Bundy and the Bundy Family Members (i.e., Marylynn Bundy, Briana Bundy, Brett Roy Bundy, Maysa Lynn Bundy, Dally Anne Bundy, Bronco Cliven Bundy, Payton Alma Bundy, Piper Bodel Bundy, Montana Bundy, Bentile Bundy, Presly Bundy, Kymber Bundy and Adahlen Bundy) and Todd Engel ("Engel" - the Related Action Plaintiff), hereinafter collectively ("Plaintiffs") and Defendant the United

States of America, by and through their respective counsel of record, respectfully submit this Stipulated Discovery Plan and Scheduling Order.

Meeting:  On several occasions in December 2023, January and February 2024, the attorneys met and conferred by telephone and though email regarding this Joint Proposed Discovery Plan and Scheduling Order, pursuant to FRCP 26(f).  Attorneys who met and conferred:  Craig A. Marquiz, Esq. (on behalf of Plaintiffs) and Brock Heathcotte, Esq. and Neil Singh, Esq. (on behalf of Defendant).

　　　　1.　　Proposed Three-Phase Discover Plan

The proposed plan exceeds the standard 180 day guideline to complete discovery as specified by the federal and local rules due to the complexity of this matter and the sheer volume of relevant discovery from the underlying criminal action ("Underlying Action"), *United States v. Bundy*, 2:16-cr-00046-GMN-NJK.  USAO Nevada estimates the databases under their control contain over 45,000 documents including audio and/or video records.  The parties believe those materials must first be obtained, reviewed and evaluated before substantive discovery in this action can be performed.[1]  Therefore, the parties ask the Court to order that lay witness discovery in this case should be completed by April 14, 2025 in three phases as noted below. The parties intend to submit a joint motion for protective order that will address any issues about claims for privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.  If the parties are unable to reach an agreement on the proposed form of their protective order, however, they will jointly submit their competing versions to the Court in advance of their scheduling conference.

---

[1]　　Pursuant to a Protective Order entered in the Underlying Action, "[a]ll materials produced by the government in discovery ... [were to] be treated as confidential documents" and those "materials ... could [only] be utilized by the defendants and their counsel *solely in connection with the defense of [the Underlying Action]*, ..., *and for no other purpose*." *See* Protective Order, Dkt. No. 609 attached hereto as **Exhibit 1**.  Plaintiffs' counsel will file a Motion in the Underlying Action seeking, among other relief:  (a) access to those materials; (b) for the use of same in these related FTCA proceedings; and (c) for those materials to be governed by the Protective Order to ultimately be entered in this action.

1

2          A.     Phase 1:      From submission of the proposed scheduling order to June 28, 2024[2]

3                During this discovery period commencing with the parties' submission of

4 their proposed scheduling order, the parties will obtain a protective order and exchange

5 disclosure statements containing all available documents from the Underlying Action.

6 Unfortunately, however, the parties disagree about the extent to which further discovery would

7 be allowed during this phase.

8              Plaintiffs' Position:   Plaintiffs ask the Court that they be permitted to:

9 (a) issue subpoenas for documents and/or testimony pursuant to Fed.R.Civ.P. 45 from third

10 parties who were involved in, or are otherwise knowledgeable of, the events leading up to, during

11 and following the Cattle Impoundment Operation, including, without limitation, the ensuing

12 investigation and prosecution efforts in the Underlying Action; and (b) conduct Fed.R.Civ.P.

13 30(b)(6) examinations of the custodians of record from the various federal agencies that were

14 involved with same so that the scope of relevant documents can be ascertained along with a

15 determination as to what evidence was not produced or otherwise disclosed in the Underlying

16 Action and is relevant to the claims and defenses at issue in this case.  These agencies include,

17 without limitation, the: (1) Department of Interior; (2) Bureau of Land Management; (3) National

18 Park Service; (4) Department of Homeland Security; (5) Department of Justice; (6) United States

19 Attorneys' Office; (7) Federal Bureau of Investigation; and (8) the Marshall's Service.  Notably,

20 there were several Orders entered in the Underlying Action which compelled the Government to

21 produce extensive documentation that had been intentionally omitted from the Government's

22 prior disclosures and document productions.  The Government, however, has yet to produce

23 those materials or otherwise account for all records that were generated by the various agencies

24 (including those materials that were intentionally destroyed by government employees).

25 Therefore, in order for Plaintiffs to have a complete record of relevant documentation, including,

26 without limitation, spoilation issues, the requested discovery will facilitate written and deposition

27

28       [2]     The parties note that the dates specified in their proposed Joint Discovery Plan may need to be adjusted based upon the timing of the Court's entry of a Protective Order in this case.  Notably, if a discovery plan is not finalized until a scheduling conference is held, then the requisite time periods will need to be extended accordingly.

1  discovery to be completed during Phase 2 and Phase 3 of these proceedings.

2

3          Defendant's Position:  Defendant asks the Court to limit the discovery in

4  this initial phase to disclosure of the documents from the Underlying Action held by the USAO

5  Nevada and attorneys for the Plaintiffs. Defendant believes Plaintiffs seek discovery of evidence

6  that exceeds the scope of this litigation in which the only substantive claim remaining, after the

7  Court's order granting in part and denying in part Defendant's motion to dismiss, is the claim of

8  malicious prosecution for actions by Plaintiffs directly connected with the events of early

9  February 2014 during Defendant's cattle impoundment operation. Defendant believes Plaintiffs

10  wish to obtain discovery concerning prior events, all the way back to 1999, in an effort to re-

11  litigate the legal basis for Defendant's cattle impoundment operation which is a settled matter of

12  law and is not relevant to Plaintiffs' claims. Consequently, Defendant believes Plaintiffs' desire

13  to subpoena records from many agencies and to depose record custodians from all those agencies

14  exceeds the scope of discovery. The full scope of appropriate discovery will not be apparent to

15  the parties until after the attorneys have a chance to review records from the underlying action,

16  and any effort to expand discovery beyond those records during this Phase 1, will almost

17  certainly result in a discovery dispute. Defendant would be happy to brief this issue for the Court.

18          B.   Phase 2:        June 29, 2024 to December 31, 2024

19          Discovery allowed in Phase 1 will also be allowed in Phase 2.   In

20  addition, all substantive written discovery and depositions of the parties and witnesses will be

21  completed during this phase.  At this juncture, however, the parties disagree as to the nature and

22  extent of limitations on discovery requests and depositions in FRCP Rules 30-36 applicable

23  during this phase.

24          Plaintiffs Position:  Given the sheer number of witnesses involved,

25  Plaintiffs note that the presumptive limit on the number of depositions that can be conducted in

26  this matter be relaxed, along with the number of discovery requests that each party may

27  propound.  In particular, based upon preliminary estimates, Plaintiffs anticipate that at least 75

28  depositions will be taken in this matter.  To facilitate these depositions, and streamline the

4

1    discovery process, Plaintiffs also request that the number of discovery requests that may be

2    propounded (i.e., requests for the production of documents, interrogatories and requests of

3    admission be considerably expanded).  By doing so, the parties can focus their deposition

4    questioning of pertinent witnesses and complete same within the presumptive seven hour time

5    frame.  Plaintiffs also recognize, however, that several material witnesses will likely require more

6    than the presumptive seven hour time limit to complete their depositions and/or subpoenaed

7    examinations.  Once the identity of all such witnesses is known, Plaintiffs will seek leave from

8    this Honorable Court to extend the number of hours for the depositions of those witnesses.

9                <u>Defendant's Position</u>:   At this time, the parties do not have

10    sufficient evidence to determine to what extent the limitations on discovery requests and

11    depositions in FRCP Rules 30-36 will be insufficient for completion of fact discovery.

12    Defendants ask the Court to defer a decision on what limitations should apply to this phase of

13    discovery until Phase 1 has been completed at which time (July 1, 2024), the parties shall submit

14    a joint report on discovery limitations to the Court.  The record in the underlying criminal case

15    includes many transcripts of testimony that will almost certainly obviate the need to depose all

16    the same witnesses over again.  Until the parties' attorneys are able to digest what is already in

17    the record, it is not possible to know what written discovery and depositions would be required to

18    present the case.

19          C.     <u>Phase 3</u>:        January 1, 2025 to April 14, 2025

20                In addition to any remaining party depositions to be completed from

21    Phase 2, expert witness discovery will be completed during this discovery period.  Expert

22    Disclosure in the following sequence: Plaintiffs shall make their expert witness disclosures no

23    later than January 31, 2025; Defendant shall make its expert disclosures no later than

24    February 28, 2025; Rebuttal expert disclosures shall be made no later than March 21, 2025.

25    Expert witness depositions shall commence no later than April 14, 2025.

26          2.     <u>Initial Disclosure</u>:  The Parties agree to make their FRCP 26(a) initial disclosures

27    within fourteen (14) days after the Court enters a protective order.  Initial disclosures will consist

28    of relevant, non-privileged material in the Parties' possession pursuant to FRCP 26(a)(1).

3.   <u>Subjects on which discovery may be needed</u>:  Discovery will be conducted on non-privileged issues relevant to the parties' claims and defenses.  Plaintiffs' demand for discovery includes the production of all Grand Jury materials from the multiple Grand Jury proceedings that were empaneled to evaluate the Government's evidence prior to the issuance of the Superseding Indictment in the Underlying Action, including, without limitation those materials produced by the United States in the Underlying Action as expressly covered by paragraph 1 of the Protective Order (Exhibit 1).  Defendant contends those materials should remain sealed.  The Court may wish to issue an order for a briefing schedule on this issue.

4.   <u>Discovery Plan</u>:

A.   <u>Discovery Cut-Off Date</u>:   As noted above, the parties' request that the discovery cut-off date be set at April 14, 2025.

B.   <u>Amending Pleadings & Adding Parties</u>:  All motions to amend the pleadings shall be filed no later than November 1, 2024.

C.   <u>FRCP 26(a)(2) Disclosure (Experts)</u>:  Plaintiffs shall make their expert witness disclosures no later than January 31, 2025; Defendant shall make its expert disclosures no later than February 28, 2025; Rebuttal expert disclosures shall be made no later than March 21, 2025.  Depositions of expert witnesses shall commence no later than April 14, 2025.

D.   <u>Dispositive Motions</u>:  Dispositive motions shall be filed no later than May 14, 2025, thirty (30) days after the close of discovery which LR II 26-1(e)(4) presumptively sets for filing dispositive motions.  The parties, however, may file competing motions for summary judgment at an earlier date if it becomes apparent during discovery that an early motion is appropriate

E.   <u>Pretrial Order</u>: If no dispositive motions are pending, the Parties shall file a joint pretrial order no later than June 14, 2025, which is thirty (30) days after the date set for filing dispositive motions.  In the event a dispositive motion remains pending, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the Court issues a final Order on any dispositive motion. *See* LR 2II 26-1(b)(5).

F.   <u>FRCP 26(a)(3) Disclosures</u>:  The disclosures required by FRCP 26(a)(3) shall be made in the joint pretrial order, including any objections thereto.

1    5.    <u>Extension of Discovery Deadlines</u>:  The foregoing discovery deadlines may have

2    to be modified.  If extensions are needed, the parties will prepare an appropriate stipulation or

3    motion in compliance with LR II 26-3 and submit same no later than twenty-one (21) days before

4    the subject deadline.

5    6.    <u>Format of Discovery</u>:   Information Technology officials at USAO Nevada

6    estimate that there exists over 4 TB (4,000 GB) of electronic files in their possession from United

7    States v. Bundy, et al., Case No. 2:16-cr-00046.  This includes many different file types from

8    document files to audio and video files.  Production format for all electronically stored

9    information (ESI) shall be in portable document files (PDF), unless converting a document to

10   PDF is impossible or otherwise impracticable.  Discoverable information shall be submitted on

11   CD-ROM, DVD-ROM, or another universally accessible media storage device, or via electronic

12   file transfer program, or via electronic mail, so as to minimize the burden and costs associated

13   with excessive paper discovery.

14   7.    <u>Required Certificate</u>:

15        A.    Pursuant to LR II 26-1(b)(7), the Parties certify that they have conferred

16   about the possibility of using alternative dispute-resolution processes including mediation,

17   arbitration, and if applicable, early neutral evaluation.

18        B.    Pursuant to LR II 26-1(b)(8), the Parties certify that they considered

19   consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the

20   Short Trial Program (General Order 2013-01).  The parties do not consent to trial by a magistrate

21   judge or use of the Short Trial Program.

22        C.    Pursuant to LR II 26-1(b)(9), the Parties certify that they have discussed

23   whether they intend to present evidence in electronic format to jurors for purpose of jury

24   deliberations.  The parties reserve the right to present evidence in electronic format to jurors for

25   purpose of jury deliberations and agree that any electronic evidence disclosed during discovery

26   shall be disclosed in an electronic format compatible with the Court's electronic jury evidence

27   display system.

28

1            D.     The Parties request a conference with the Court before entry of the

2    scheduling order.

3            Dated this 9th day of February, 2024.

4
5                                   Marquiz Law Office
                                    Professional Corporation

6

7                         By: /s/ Craig A. Marquiz, Esq.
                       Craig A. Marquiz, Esq.

8                           3088 Via Flaminia Court
                       Henderson, NV 89052

9                           Attorney for Plaintiffs

10                             United States Attorney General

11                               Merrick Garland

12

13                        By: /s/ Brock Heathcotte, Esq.
                       Brock Heathcotte, Esq.

14                          Neil Singh, Esq.
                       Special Assistant U.S. Attorneys

15                          Two Renaissance Square
                       40 North Central Ave., Ste. 1800

16                          Phoenix, AZ 85004-4449
                       Attorneys for Defendant

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CLIVEN BUNDY, et al.,<br><br>Defendants. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**PROTECTIVE ORDER** |

The government filed a Motion for Protective Order (ECF Nos. 354, 357). The Defendants opposed entry of a protective order. In a separate written order, the court reviewed and considered the moving and responsive papers and explained why it found good cause to issue a protective order restricting dissemination of pretrial discovery produced by the government. The court also found the government's form of proposed protective order lacked clarity. This order replaces the Temporary Protective Order (ECF No. 392) entered on an interim basis while briefing on the motion was completed.

**IT IS ORDERED** that:

1. All materials produced by the government in discovery in this case, including, but not limited to: grand jury transcripts, agency reports, witness statements, memoranda of interviews, and any documents and tangible objects produced by the government shall be treated as confidential documents. Information and documents in the public domain are not confidential documents.

2. "Public domain" means information which is published and which is generally accessible or available to the public, *see United States v. Gowadia*, 760 F.3d 989, 996 (9th Cir. 2014):

   a. Through information available through the internet;

1

b.  At libraries open to the public or from which the public can obtain documents;

c.  Through sales at newsstands and bookstores;

d.  Through subscriptions which are available without restriction to any individual who desires to obtain or purchase the published information;

e.  Through second class mailing privileges granted by the U.S. Government;

f.  Through patents available at any patent office;

g.  Through unlimited distribution at a conference, meeting, seminar, trade show, or exhibition, generally accessible to the public, in the United States;

h.  Through fundamental research in science and engineering at accredited institutions of higher learning in the United States where the resulting information is ordinarily published and shared broadly in the scientific community;[1] and

i.  Through public release (*i.e.*, unlimited distribution) in any form (*e.g.*, not necessarily in published form) after approval by the cognizant United States government department or agency.

3.  All materials provided by the government in discovery may be utilized by the defendants and their counsel solely in connection with the defense of this case, and Case No. 3:16-cr-00051-BR in District of Oregon for those defendants who are also charged in that district, and for no other purpose.

4.  Discovery materials and any of their contents shall not be disclosed either directly or indirectly to any person or entity other than the defendants, defendants' counsel in this criminal case and the District of Oregon case, persons assisting in the defense of this criminal case, and persons who are interviewed or consulted during the course of

---

[1]  Fundamental research is defined to mean basic and applied research in science and engineering where the resulting information is ordinarily published and shared broadly within the scientific community, as distinguished from research the results of which are restricted for proprietary reasons or specific United States government access and dissemination controls. University research will not be considered fundamental research if: (i) The University or its researchers accept other restrictions on publication of scientific and technical information resulting from the project or activity, or (ii) The research is funded by the United States government and specific access and dissemination controls protecting information resulting from the research are applicable.

2

the investigation and preparation of this case. Any notes or records of any kind that defense counsel or defendants may make relating to the contents of discovery provided by the government shall not be disclosed to anyone other than the defendants' counsel and persons employed to assist the defense.

5. Discovery materials shall not be copied or reproduced except to provide copies of the material for use by each defendant and defense counsel and such persons counsel employs to assist in the defense, and such copies and reproductions shall be treated in the same manner as the original.

6. The restrictions set forth in this order do not apply to documents that are publicly filed in the court's record, including hearings transcripts, trial transcripts, documents that are received in evidence, or documents that are otherwise in the public domain.

7. Confidential documents, as defined by this order, shall not be filed on the public docket by any party seeking the court's review of such confidential documents as an exhibit to a motion or brief. Instead, the party shall (i) file its underlying brief or motion in CM/ECF on the public docket, and (ii) separately file the confidential documents in CM/ECF under seal as "Sealed Exhibit(s)" and link the sealed exhibit(s) to the underlying brief or motion. This order authorizes filing confidential documents under seal and no further application for a sealing order shall be required.

8. Counsel shall follow the court's electronic filing procedures for filing under seal any confidential documents attached as an exhibit to a motion, brief, or pleading. *See, e.g.*, LR IA 10-5; LR IC 2-2.

9. Counsel shall redact all personal identification information from motions or briefs filed with the court in strict compliance with Fed. R. Crim. P. 49.1 and LR IC 6-1. This includes:

    a. Personal identifying information of any individual, including, without limitation, any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license

/ / /

3

number, professional license number, family members' names, or criminal histories;

b. Financial information of any individual or business, including, without limitation, bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers; and

c. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA);

10. Defendants' counsel shall inform anyone to whom any confidential documents are disclosed, and that individual's attorney, if any, that the disclosure is made pursuant to the terms of this order.  Before having access to confidential documents, defendants' counsel shall provide each of these individuals with a copy of this order, and shall direct each of these individuals to comply with the terms of this order.  The individual must sign a copy of this order, and by doing so, acknowledges that he or she has read, understands, and is bound by the terms of this order.

11. This order may be modified by the agreement of the parties with the permission of the court, or by further order of the court.  Any agreement of the parties shall be memorialized in writing in a stipulation and proposed order.

12. Before filing a motion to modify, the parties shall meet and confer in a good faith effort to resolve any dispute about the need to modify this protective order.  *See* LR IA 1-3(f) (governing the parties' meet and confer obligations).

Dated this 15th day of July, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**Exhibit 2**

Marquiz Law Office
Professional Corporation

3088 Via Flaminia Court
Henderson, NV 89052
Phone: (702) 263-5533
Fax: (702) 263-5532
Craig A. Marquiz, Esq.
NV Bar #7437
MarquizLaw@cox.net

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH O'SHAUGHNESSY, et al. | Case No.:      2:22-cv-01039-WQH-EJY |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendants. | |
| | |
| TODD C. ENGEL, | Case No.:      2:22-cv-01040-WQH-EJY |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendants. | |

    The parties having requested, by and through their respective counsel, for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the Court having been advised that claimed proprietary and confidential information will be disclosed in discovery and may be introduced at any hearing or trial of this cause,

IT IS HEREBY ORDERED that:

    1.      In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as

1

"CONFIDENTIAL" under the terms of this Stipulated Protective Order (hereinafter "Order"). CONFIDENTIAL information is information that has not been made public and that concerns or otherwise relates to matters of: (a) national security; (b) Grand Jury proceedings; (c) the processes, operations, methods and procedures for the investigation and prosecution of individuals in criminal proceedings; and (d) personal, medical or financial information, the disclosure of which information may have the effect of causing harm to the entity, agency, organization or individual from which the information was obtained.  Extracts, summaries, and other documents or materials that reflect or disclose the contents of CONFIDENTIAL information shall likewise be treated as CONFIDENTIAL information for purposes of this Order.

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as CONFIDENTIAL by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL, and to label such portions appropriately.  In addition, the attorneys for a party shall have thirty (30) days after receipt of the transcript to designate any other portions of the testimony CONFIDENTIAL and to inform opposing counsel of such designation.  Until such designation has been made or the time for such designation has expired, deposition transcripts shall only be received by or made available to a "Qualified Person."  The portions of the testimony so designated shall be subject to the provisions of this Order.  No persons shall attend or receive transcript copies of portions of depositions containing CONFIDENTIAL information, whether in the form of exhibits or oral testimony, unless such person is a Qualified Person.

4. Material designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as CONFIDENTIAL (hereinafter "Confidential Material") shall

be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose except by further order of the Court or by written agreement of counsel on behalf of the party who designated the information as CONFIDENTIAL.

5.      Confidential Material produced pursuant to this Order may be disclosed or made available only to a "Qualified Person," which shall include the Court, Court staff, counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the persons designated below:

a.      a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

b.      experts and consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

c.      court reporter(s) employed in this action;

d.      a witness at any deposition or other proceeding in this action, if it is established from the face of the document that the witness has had access to the document or the information contained therein; and

e.      any other person to whom the parties in writing agree.

6.      Prior to receiving any Confidential Material in this action, each "Qualified Person" (except the Court, Court personnel and court reporters employed in this action) shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be retained by counsel for the party making a disclosure to a Qualified Person.

7.      Depositions in which Confidential Material will be disclosed shall be taken only in the presence of Qualified Persons.

8.      Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9.     If Confidential Material, including any portion of a deposition transcript designated as CONFIDENTIAL, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court.

10.     In the event that any Confidential Material is used in any court proceeding or trial in this action, it shall not lose its CONFIDENTIAL status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during and after such use.

11.     This Order shall be without prejudice to the right of the parties: (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; or (ii) to present a motion to the Court under Rule 26(c) of the Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.  Moreover, nothing herein shall be construed as an agreement or admission against a party receiving purportedly confidential information that any information, document, or the like designated as CONFIDENTIAL by a producing person is in fact confidential or proprietary.

12.     Third-parties may (a) designate deposition transcripts and any documents or information they produce, whether voluntarily or by subpoena, "CONFIDENTIAL" to the same extent and in the same manner as parties to this litigation and such documents or information shall be treated by the parties to this litigation in the same manner as documents or information so designated by a party, and (b) intervene in this litigation to enforce the provisions of this Order as if they were a party.

13.     This Oder is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the

1   confidentiality or non-confidentiality of any such document or information or altering any

2   existing obligation of any party or the absence thereof.

3        14.     A party shall not be obligated to challenge the propriety of a CONFIDENTIAL

4   designation at the time made, and a failure to do so shall not preclude a subsequent challenge

5   thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings

6   with the designation of any information as CONFIDENTIAL, the parties and/or supplying person

7   shall try first to dispose of such dispute in good faith on an informal basis.  If the dispute cannot

8   be resolved, the party asserting confidentiality may seek appropriate relief from this Court.

9        15.     This Order shall survive the final termination of this action, to the extent that the

10  information contained in Confidential Material is not or does not become known to the public,

11  and the Court shall retain jurisdiction to resolve any dispute concerning the use of information

12  disclosed hereunder.  Upon termination of this case, counsel for the parties shall assemble and

13  return, to each other all documents, material and deposition transcripts designated as confidential

14  and all copies of same, or shall certify the destruction thereof.  However, counsel shall not be

15  required by this provision to redact the discussion of CONFIDENTIAL information contained in

16  any briefs, pleadings, other filings with the Court, memoranda, correspondence, notes or other

17  internal documents, or to destroy or return such documents, provided that such documents shall

18  remain subject to the terms and conditions of this Order.

19       16.     Neither the entry of this Order, nor the designation of any information, document

20  or the like as CONFIDENTIAL, nor the failure to make such designation, shall constitute

21  evidence with respect to any issue in this action.

22       17.     If any party receives a request for CONFIDENTIAL information, or if it receives

23  any subpoena or other legal process purporting to require disclosure of such information, said

24  party shall notify the producing party of said request, subpoena or legal process.

25   . . .

26  . . .

27  . . .

28  . . .

5

1

## **ORDER**

2

3          IT IS SO ORDERED this ___ day of _____, 2024.

4

5                                                        _____
6                                                        United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

ATTACHMENT "A"

<u>NONDISCLOSURE AGREEMENT</u>

I, _____, do solemnly swear that I am fully aware of the terms of the Stipulated Protective Order entered in <u>*O'Shaughnessy et al. v. United States*</u>, Case No.  2:22-cv-01039-WQH-EJY and <u>*Engel v. United States*</u>, Case No. 2:22-cv-01040 WQH-EJY, pending in the United States District Court for the District of Nevada, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____          _____

7

**Exhibit 3**