Marquiz Law Office
Professional Corporation

3088 Via Flaminia Court
Henderson, NV 89052
Phone: (702) 263-5533
Fax: (702) 263-5532
Craig A. Marquiz, Esq.
NV Bar #7437
MarquizLaw@cox.net

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH O'SHAUGHNESSY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.:   2:22-cv-01039-WQH-EJY |
| TODD C. ENGEL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.:   2:22-cv-01040-WQH-EJY<br><br>**NOTICE OF FILING UNOPPOSED MOTION TO MODIFY PROTECTIVE ORDER PREVIOUSLY ENTERED IN UNDERLYING CRIMINAL ACTION** |

Plaintiffs Joseph O'Shaughnessy, Jason D. Woods, Mel Bundy and Dave Bundy, the Bundy Family Members (i.e., Marylynn Bundy, Briana Bundy, Brett Roy Bundy, Maysa Lynn Bundy, Dally Anne Bundy, Bronco Cliven Bundy, Payton Alma Bundy, Piper Bodel Bundy, Montana Bundy, Bentile Bundy, Presly Bundy, Kymber Bundy and Adahlen Bundy) and Todd C. Engel, by and through undersigned counsel, hereby afford Notice of their filing of an Unopposed Motion to Modify the Protective Order (Dkt. 609) previously entered in the underlying criminal

1

case *United States v. Bundy et al.*, Case No. 2:16-cr-00046. A courtesy copy of that filing (Dkt. 3589) is attached hereto as Exhibit A.

RESPECTFULLY SUBMITTED this 13th day of March, 2024.

Marquiz Law Office
Professional Corporation

By: /s/ Craig A. Marquiz, Esq.
Craig A. Marquiz, Esq.
3088 Via Flaminia Court
Henderson, NV 89052
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 13th day of March, 2024, he electronically served a copy of the aforementioned document via the Court's CM/ECF Filing System on all counsel of record.

/s/ Craig A. Marquiz, Esq.
Craig A. Marquiz, Esq.

Exhibit A

**Marquiz Law Office**
Professional Corporation

3088 Via Flaminia Court
Henderson, NV 89052
Phone: (702) 263-5533
Fax: (702) 263-5532
Craig A. Marquiz, Esq.
NV Bar #7437

Attorney for Collateral Plaintiffs
Joseph O'Shaughnessy, Mel Bundy,
Dave Bundy, Jason Woods &
Todd Engel

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>CLIVEN BUNDY et al.<br><br>Defendants. | Case No.:   2:16-cr-00046<br><br>**UNOPPOSED MOTION TO MODIFY PROTECTIVE ORDER (DKT. 609)** |

Craig A. Marquiz, Esq., of the Marquiz Law Office, P.C., represents, among other parties, former Tier 2 Defendants Joseph O'Shaughnessy, Jason Woods, Mel Bundy and Dave Bundy and former Tier 3 Defendant Todd Engel (hereinafter collectively the "Collateral Plaintiffs") in two-related Federal Tort Claims Act ("FTCA") cases currently pending in this District against the United States.[1] Since undersigned counsel was not involved in the underlying criminal action, Collateral Plaintiffs respectfully seek to modify the Protective Order entered in this matter on July 15, 2016 to allow his access to discovery from the criminal case and Collateral Plaintiffs' use of same in the two civil actions. For the Court's convenience, a copy of the Protective Order (Dkt. 609) is attached hereto as **Exhibit 1**.

---

[1] Namely, *O'Shaughnessy et al. v. United States*, Case No. 2:22-cv-01039-WQH-EJY and *Engel v. United States*, Case No. 2:22-cv-01040-WQH-EJY, each advancing, among other claims for relief, malicious prosecution and intentional infliction of emotional distress.

Prior to filing this Motion, undersigned counsel conferred with counsel for the United States and said attorneys confirmed that the United States does not oppose the instant Motion or the Collateral Plaintiffs' request to modify the Protective Order as set forth below.

I. **MODIFICATION REQUESTED**

Paragraph 11 of the Protective Order provides a mechanism whereby the parties, or any of them, may seek modification of the order by stipulation or motion. Collateral Plaintiffs hereby request modification of the protective order by the addition of the following two paragraphs:

13. All materials in the possession of any party / defendant and the government which were provided in discovery in *United States v. Cliven Bundy et al.*, Case No. 2:16-cr-00046 may be disclosed and utilized by the parties and their counsel in connection with litigation of the civil actions *O'Shaughnessy v. USA*, Case No. 2:22-cv-01039-WQH-EJY (District of Nevada) and *Engel v. USA*, Case No. 2:22-cv-01040-WQH-EJY (District of Nevada) (hereinafter, "the civil cases"), and for no other purpose.

14. All provisions of this protective order and of other protective orders entered by this Court, including, but not limited to, Dkt. Nos. 1626, 2939 and 2964, still apply to the materials described in paragraph 13 and to their use by the parties in the civil cases. However, some or all of these provisions may be superseded by a subsequent order of the court in the civil cases that explicitly states that the provisions of this protective order are superseded to the extent they contradict any provision of the new order.

II. **LEGAL AND FACTUAL BASIS FOR THE MODIFICATION**

Former Defendants Joseph O'Shaughnessy, Jason Woods, Dave Bundy, Mel Bundy and Todd C. Engel alleged in their civil complaints that the United States is liable to them under the Federal Tort Claims Act for malicious prosecution, among other claims, in consequence of the conduct of government employees in connection with *USA v. Bundy*. The materials disclosed and obtained in discovery in this case (*USA v. Bundy*) would be reasonably discoverable and could become evidence in the civil cases but for the proscriptions of the protective order.

The Ninth Circuit has a strong policy of favoring access to discovery materials in collateral litigation as it facilitates the preparation of other cases and advances the interests of judicial economy by avoiding wasteful duplication of discovery. *Oracle USA, Inc. v. Rimini Street, Inc.*, 2012 WL 6100306 at *2 (D.Nev. Dec. 7, 2012) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)). "A court issuing a protective order has the authority to modify or lift protective orders that it has entered." *Id.* at *10 (citing *Empire Blue*

*Cross & Blue Shield v. Janet Greeson's A Place for Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995)).

Here, many of the parties, facts and issues in the pending civil cases overlap with those in *USA v. Bundy*. Since this Court "issued the protective order, [it] is in the best position to make the relevance assessment as it is presumably familiar with the contents of the protected [materials]." *Id.* at *11. Notably, by modifying the Protective Order (Dkt. 609) to allow production of the aforementioned materials to undersigned counsel and for the collateral parties to use same in the pending civil actions, discovery in the FTCA actions will be facilitated and a "substantial amount of duplicative discovery [will] be avoided." *Id.* For example: (1) general document requests and certain Fed.R.Civ.P. 30(b)(6) examinations seeking to ascertain the relevant scope of prior discovery can be avoided; (2) remaining fact discovery will be streamlined as the parties will already know what witnesses have material information and, as a result, can focus their efforts on evidence concerning the issues of probable cause to indict, arrest, detain and prosecute the Collateral Plaintiffs; and (3) document production, admission and interrogatory requests can address more narrow issues, rather than general topics that are already established by the existing evidentiary record.

### III. CONCLUSION

Based upon the foregoing, Collateral Plaintiffs respectfully request modification of the protective order (Dkt. 609) to allow undersigned counsel's access to the underlying record and to include the two referenced paragraphs, authorizing the use of same in the collateral litigation. A proposed version of the modified protective order accompanies this Unopposed Motion as **Exhibit 2**.

. . .

. . .

. . .

. . .

. . .

RESPECTFULLY SUBMITTED this 13th day of March, 2024.



Marquiz Law Office
Professional Corporation

By: /s/ Craig A. Marquiz, Esq.
Craig A. Marquiz, Esq.
3088 Via Flaminia Court
Henderson, NV 89052
Attorney for Collateral Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 13th day of March, 2024, he electronically served a copy of the foregoing document on all counsel of record via the Court's CM/ECF Filing System:

/s/ Craig A. Marquiz, Esq.
Craig A. Marquiz

**Exhibit 1**

Case 2:22-cv-01040-WQH-EJY Document 56 Filed 03/13/24 Page 9 of 18
Case 2:16-cr-00046-GMN-NJK Document 3589 Filed 03/13/24 Page 6 of 15
Case 2:16-cr-00046-GMN-NJK Document 609 Filed 07/15/16 Page 1 of 4

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLIVEN BUNDY, et al.,<br><br>Defendants. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**PROTECTIVE ORDER** |

The government filed a Motion for Protective Order (ECF Nos. 354, 357). The Defendants opposed entry of a protective order. In a separate written order, the court reviewed and considered the moving and responsive papers and explained why it found good cause to issue a protective order restricting dissemination of pretrial discovery produced by the government. The court also found the government's form of proposed protective order lacked clarity. This order replaces the Temporary Protective Order (ECF No. 392) entered on an interim basis while briefing on the motion was completed.

**IT IS ORDERED** that:

1. All materials produced by the government in discovery in this case, including, but not limited to: grand jury transcripts, agency reports, witness statements, memoranda of interviews, and any documents and tangible objects produced by the government shall be treated as confidential documents. Information and documents in the public domain are not confidential documents.

2. "Public domain" means information which is published and which is generally accessible or available to the public, *see United States v. Gowadia*, 760 F.3d 989, 996 (9th Cir. 2014):

    a. Through information available through the internet;

1

Case 2:22-cv-01040-WQH-EJY   Document 56   Filed 03/13/24   Page 10 of 18
Case 2:16-cr-00046-GMN-NJK   Document 3589   Filed 03/13/24   Page 7 of 15
Case 2:16-cr-00046-GMN-NJK   Document 609   Filed 07/15/16   Page 2 of 4

    b. At libraries open to the public or from which the public can obtain documents;

    c. Through sales at newsstands and bookstores;

    d. Through subscriptions which are available without restriction to any individual who desires to obtain or purchase the published information;

    e. Through second class mailing privileges granted by the U.S. Government;

    f. Through patents available at any patent office;

    g. Through unlimited distribution at a conference, meeting, seminar, trade show, or exhibition, generally accessible to the public, in the United States;

    h. Through fundamental research in science and engineering at accredited institutions of higher learning in the United States where the resulting information is ordinarily published and shared broadly in the scientific community;[1] and

    i. Through public release (*i.e.*, unlimited distribution) in any form (*e.g.*, not necessarily in published form) after approval by the cognizant United States government department or agency.

3. All materials provided by the government in discovery may be utilized by the defendants and their counsel solely in connection with the defense of this case, and Case No. 3:16-cr-00051-BR in District of Oregon for those defendants who are also charged in that district, and for no other purpose.

4. Discovery materials and any of their contents shall not be disclosed either directly or indirectly to any person or entity other than the defendants, defendants' counsel in this criminal case and the District of Oregon case, persons assisting in the defense of this criminal case, and persons who are interviewed or consulted during the course of

---

[1] Fundamental research is defined to mean basic and applied research in science and engineering where the resulting information is ordinarily published and shared broadly within the scientific community, as distinguished from research the results of which are restricted for proprietary reasons or specific United States government access and dissemination controls. University research will not be considered fundamental research if: (i) The University or its researchers accept other restrictions on publication of scientific and technical information resulting from the project or activity, or (ii) The research is funded by the United States government and specific access and dissemination controls protecting information resulting from the research are applicable.

Case 2:22-cv-01040-WQH-EJY   Document 56   Filed 03/13/24   Page 11 of 18
Case 2:16-cr-00046-GMN-NJK   Document 3589   Filed 03/13/24   Page 8 of 15
Case 2:16-cr-00046-GMN-NJK   Document 609   Filed 07/15/16   Page 3 of 4

the investigation and preparation of this case. Any notes or records of any kind that defense counsel or defendants may make relating to the contents of discovery provided by the government shall not be disclosed to anyone other than the defendants' counsel and persons employed to assist the defense.

5. Discovery materials shall not be copied or reproduced except to provide copies of the material for use by each defendant and defense counsel and such persons counsel employs to assist in the defense, and such copies and reproductions shall be treated in the same manner as the original.

6. The restrictions set forth in this order do not apply to documents that are publicly filed in the court's record, including hearings transcripts, trial transcripts, documents that are received in evidence, or documents that are otherwise in the public domain.

7. Confidential documents, as defined by this order, shall not be filed on the public docket by any party seeking the court's review of such confidential documents as an exhibit to a motion or brief. Instead, the party shall (i) file its underlying brief or motion in CM/ECF on the public docket, and (ii) separately file the confidential documents in CM/ECF under seal as "Sealed Exhibit(s)" and link the sealed exhibit(s) to the underlying brief or motion. This order authorizes filing confidential documents under seal and no further application for a sealing order shall be required.

8. Counsel shall follow the court's electronic filing procedures for filing under seal any confidential documents attached as an exhibit to a motion, brief, or pleading. *See, e.g.*, LR IA 10-5; LR IC 2-2.

9. Counsel shall redact all personal identification information from motions or briefs filed with the court in strict compliance with Fed. R. Crim. P. 49.1 and LR IC 6-1. This includes:

    a. Personal identifying information of any individual, including, without limitation, any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license

///

Case 2:22-cv-01040-WQH-EJY   Document 56   Filed 03/13/24   Page 12 of 18
Case 2:16-cr-00046-GMN-NJK   Document 3589   Filed 03/13/24   Page 9 of 15
Case 2:16-cr-00046-GMN-NJK   Document 609   Filed 07/15/16   Page 4 of 4

number, professional license number, family members' names, or criminal histories;

    b. Financial information of any individual or business, including, without limitation, bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers; and

    c. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA);

10. Defendants' counsel shall inform anyone to whom any confidential documents are disclosed, and that individual's attorney, if any, that the disclosure is made pursuant to the terms of this order. Before having access to confidential documents, defendants' counsel shall provide each of these individuals with a copy of this order, and shall direct each of these individuals to comply with the terms of this order. The individual must sign a copy of this order, and by doing so, acknowledges that he or she has read, understands, and is bound by the terms of this order.

11. This order may be modified by the agreement of the parties with the permission of the court, or by further order of the court. Any agreement of the parties shall be memorialized in writing in a stipulation and proposed order.

12. Before filing a motion to modify, the parties shall meet and confer in a good faith effort to resolve any dispute about the need to modify this protective order. *See* LR IA 1-3(f) (governing the parties' meet and confer obligations).

Dated this 15th day of July, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**Exhibit 2**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>CLIVEN BUNDY et al.<br><br>Defendants. | Case No.:   2:16-cr-00046<br><br>**AMENDED PROTECTIVE ORDER** |

The government filed a Motion for Protective Order (ECF Nos. 354, 357). The Defendants opposed entry of a protective order. In a separate written order, the court reviewed and considered the moving and responsive papers and explained why it found good cause to issue a protective order restricting dissemination of pretrial discovery produced by the government. The court also found the government's form of proposed protective order lacked clarity. This order replaces the Temporary Protective Order (ECF No. 392) entered on an interim basis while briefing on the motion was completed.

**IT IS ORDERED** that:

1. All materials produced by the government in discovery in this case, including, but not limited to: grand jury transcripts, agency reports, witness statements, memoranda of interviews, and any documents and tangible objects produced by the government shall be treated as confidential documents. Information and documents in the public domain are not confidential documents.

2. "Public domain" means information which is published and which is generally accessible or available to the public, *see United States v. Gowadia*, 760 F.3d 989, 996 (9th Cir. 2014):

|   |   |    |   |
|---|---|----|---|
| 1 |   | a. | Through information available through the internet; |
| 2 |   | b. | At libraries open to the public or from which the public can obtain documents; |
| 4 |   | c. | Through sales at newsstands and bookstores; |
| 5 |   | d. | Through subscriptions which are available without restriction to any individual who desires to obtain or purchase the published information; |
| 7 |   | e. | Through second class mailing privileges granted by the U.S. Government; |
| 8 |   | f. | Through patents available at any patent office; |
| 9 |   | g. | Through unlimited distribution at a conference, meeting, seminar, trade show, or exhibition, generally accessible to the public, in the United States; |
| 12 |   | h. | Through fundamental research in science and engineering at accredited institutions of higher learning in the United States where the resulting information is ordinarily published and shared broadly in the scientific community;[1] and |
| 16 |   | I. | Through public release (i.e., unlimited distribution) in any form (*e.g.*, not necessarily in published form) after approval by the cognizant United States government department or agency. |
| 19 | 3. |    | All materials provided by the government in discovery may be utilized by the defendants and their counsel solely in connection with the defense of this case, and Case No. 3:16-cr-00051-BR in District of Oregon for those defendants who are also charged in that district, and for no other purpose. |

---

[1] Fundamental research is defined to mean basic and applied research in science and engineering where the resulting information is ordinarily published and shared broadly within the scientific community, as distinguished from research the results of which are restricted for proprietary reasons or specific United States government access and dissemination controls. University research will not be considered fundamental research if:  (I) the University or its researchers accept other restrictions on publication of scientific and technical information resulting from the project or activity, or (ii) the research is funded by the United States government and specific access and dissemination controls protecting information resulting from the research are applicable.

2

4. Discovery materials and any of their contents shall not be disclosed either directly or indirectly to any person or entity other than the defendants, defendants' counsel in this criminal case and the District of Oregon case, persons assisting in the defense of the criminal case, and persons who are interviewed or consulted during the course of the investigation and preparation of this case. Any notes or records of any kind that defense counsel or defendants may make relating to the contents of discovery provided by the government shall not be disclosed to anyone other than the defendants' counsel and persons employed to assist the defense.

5. Discovery materials shall not be copied or reproduced except to provide copies of the material for use by each defendant and defense counsel and such persons counsel employs to assist in the defense, and such copies and reproductions shall be treated in the same manner as the original.

6. The restrictions set forth in this order do not apply to documents that are publicly filed in the court's record, including hearing transcripts, trial transcripts, documents that are received in evidence, or documents that are otherwise in the public domain.

7. Confidential documents, as defined by this order, shall not be filed on the public docket by any party seeking the court's review of such confidential documents as an exhibit to a motion or brief. Instead, the party shall (I) file its underlying brief or motion in CM/ECF on the public docket, and (ii) separately file the confidential documents in CM/ECF under seal as "Sealed Exhibit(s)" and link the sealed exhibit(s) to the underlying brief or motion. This order authorizes filing confidential documents under seal and no further application for a sealing order shall be required.

8. Counsel shall follow the court's electronic filing procedures for filing under seal any confidential documents attached as an exhibit to a motion, brief, or pleading. *See, e.g.,* LR IA 10-5; LR IC 2-2.

9. Counsel shall redact all personal identification information from motions or briefs filed with the court in strict compliance with Fed.R.Crim.P. 49.1 and LR IC 6-1.

This includes:

    a. Personal identifying information of any individual, including, without limitation, any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members' names, or criminal histories;

    b. Financial information of any individual or business, including, without limitation, bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers; and

    c. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPPA);

10. Defendants' counsel shall inform anyone to whom any confidential documents are disclosed, and that individual's attorney, if any, that the disclosure is made pursuant to the terms of this order. Before having access to confidential documents, defendants' counsel shall provide each of these individuals with a copy of this order, and shall direct each of these individuals to comply with the terms of this order. The individual must sign a copy of this order, and by doing so, acknowledges that he or she has read, understands, and is bound by the terms of this order.

11. This order may be modified by the agreement of the parties with the permission of the court, or by further order of the court. Any agreement of the parties shall be memorialized in writing in a stipulation and proposed order.

12. Before filing a motion to modify, the parties shall meet and confer in a good faith effort to resolve any dispute about the need to modify this protective order. *See* LR IA 1-3(f) (governing the parties' meet and confer obligations).

13. All materials in the possession of any party / defendant and the government which were provided in discovery in this case (*United States v. Cliven Bundy et al.*, Case No. 2:16-cr-00046) may be disclosed and utilized by the parties and their

4

counsel in connection with litigation of the civil actions *O'Shaughnessy v. USA*, Case No. 2:22-cv-01039-WQH-EJY (District of Nevada) and *Engel v. USA*, Case No. 2:22-cv-01040-WQH-EJY (District of Nevada) (hereinafter, "the civil cases"), and for no other purpose.

14. All provisions of this protective order and of other protective orders entered by this Court, including, but not limited to, Dkt. Nos. 1626, 2939 and 2964, still apply to the materials described in paragraph 13 and to their use by the parties in the civil cases. However, some or all of these provisions may be superseded by a subsequent order of the court in the civil cases that explicitly states that the provisions of this protective order are superseded to the extent they contradict any provision of the new order.

Dated this ___ day of March, 2024.

_____
UNITED STATES JUDGE

5